H. N. Smith and F. H. Leonard, Cincinnati, for Yungbluth.

Clark & Robinson, Cincinnati, for McDonald.

Galvin & Tracy and J. P. Geoghegan, Cincinnati, for Meier.

Clark & Robinson, Wm. Thorndyke, Ralph Becker, H. N. Smith and F. L. Leonard, Cincinnati, for defendants in error, McDonald.

## YUNGBLUTH v McDONALD et

## MEIER v McDONALD et

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 24, 1931

ROSS, PJ.

A review of the record brings us to the conclusion that the overwhelming weight of the evidence shows, as stated before that the negligence of Yungbluth coupled with that of Meier was the proximate cause of the injury.

We are unable to see under the circumstances, as related by the witnesses, what more Bredwell could have done than he did. He was cautious, waited for the passage of traffic, saw no imminent approach of Yungbluth's automobile until well out in the street, was moving slowly in second gear, and was across and out of the line of travel which the Packard sedan should have used in proceeding southeastwardly on McMicken avenue, when he was struck.

One of the chief assignments of error is the refusal of the court to give the following charge:

"If you find from the evidence, that the automobile driven by the defendant, John S. Yungbluth reached the intersection of McMicken avenue and Race street, at or about the same time as the machine of the defendant, Rodney Bredwell, then I charge you that the defendant, John S. Yungbluth, had a right as a matter of law to assume that the defendant, Rodney Bredwell, would yield him the right of way across said intersection, and I charge you that he was not negligent in proceeding across said intersection."

It matters not upon what statute or ordinance this charge was predicated, it omits one essential factor, requisite in any charge based upon right of way, and that is, that such right of way can only be justly claimed by one whom the jury finds was himself proceeding in a lawful manner. The decision of Kling v Ast Candy Co., 29 O L R, 246, **33 Oh Ap, 177**, decided by this court, and affirmed in **121 Oh St, 362**, is conclusive upon this point. We note in passing that this authority has not been considered by counsel in this case.

Any such charge must contain therein language which submits to the jury a requirement that they must find as a preliminary premise that one claiming the right of way was himself proceeding lawfully. No such language appearing in the charge requested, the court properly refused the same. The general charge correctly stated the law on this point.

Our attention is also directed to the exclusion of certain evidence sought to be introduced by Yungbluth:

"Q. Who did you find out the boy was, where did he live?

A. I wanted to get some witnesses, but all of the witnesses had been absorbed at that time.

Mr. Clark: I object, how is that material?

The Court: Sustained.

Q. Did you find out where his parents were?

Mr. Clark: Object.

The Court: I don't see the point, what is it?

Mr. Smith: I am interested in finding out all he did there about this boy.

The Court: This happened after the accident?

Mr. Clark: Yes, after the boy died.

The Court: I don't think that is relevant.

Q. Did you find out where the boy lived?

A. Yes sir.

Q. Where did he live?

A. On Race street, two doors south of McMicken.

Q. How close was that to the place of this accident?

A. Within 100 feet of the accident.

Q. Did you find that out that day?

A. Well I asked people where the party lived.

Mr. Clark: I object.

The Court: I don't see that it is relevant, sustained.

Q. Who buried the boy?

(Objected to and objection sustained).

Mr. Smith: Exception, and witness if permitted to answer would say that he buried the boy.

Q. Did you ever see his parents?

A. Yes sir.

Mr. Clark: I object.

The Court: I don't see the relevancy of this, or its purpose. Sustained.

Q. Where did his father live?

Mr. Clark: I object.

The Court: We have the boy's residence in the record. That's enough, if at all relevant. The objection is sustained.

Q. Where was the boy buried?

(Objected to and objection sustained).

Q. Who bought the grave for the boy?

(Objected to and objection sustained).

Mr. Clark: I think counsel should be admonished, he knows this is not competent.

The Court: It is not competent, and I don't see that it makes any difference or has anything to do with the case?"

\* \* \* \*

"Q. Did you find out where the boy lived?

A. I asked a few people, and in the meantime I think they located the boy's parents.

Q. Did you see his parents?

A. Not at that time.

Q. Did you see them at any time later?

Mr. Clark: I object.

The Court: We have gone into that before. I don't think it is necessary to pursue that.

Q. What if anything did you do towards securing a grave and funeral for the boy?

Mr. Clark: I object.

The Court: Sustained. There is nothing relevant about that at all.

Mr. Smith: Exception, and witness if permitted to answer would say he provided a grave and funeral for the boy; that the parents were unable either to buy a grave or pay for a funeral."

We are unable to see how the exclusion of this evidence was in any way prejudicial to the plaintiff in error, Yungbluth. If of any value, it would have been to show, as is stated in the case of **Street Railway Co. v Altemeier, Admr., 60 Oh. St, 10**, the value of the deceased to those who suffered his loss.

"A rich parent whose child is a continued financial expense to him and who has no reason to expect financial aid from such child sustains little, if any, pecuniary injury from its death beyond the funeral expenses; while a poor parent, and especially if in bad health, might reasonably expect substantial aid from his child, not only during its minority, but for years thereafter." Street Railway Co. v Altemeier. Admr., supra, page 16, cited by plaintiff in error.

While the ulterior motive in attempting to introduce the evidence whose rejection is assigned as error is patent, its introduction could only show the value of the life of the decedent to those claiming loss, and the exclusion of such evidence under such circumstances could only be prejudicial to those claiming loss.

A further suggestion was made that the verdict was excessive. We find nothing in the record justifying us in concluding that the jury was not warranted in placing the amount of ten thousand dollars upon the life of the boy. We have recently sustained a verdict for a similar sum in the case of Jackson Sons Company v Murphy, Admr., decided by this court February 2, 1931. The boy in the Jackson Company case was eight years of age.

We find no error in the record, prejudicial to either of the plaintiffs in error,

Yungbluth or Meier. The judgment against them will be affirmed.

HAMILTON and CUSHING, JJ, concur.